In the United States District Court
Eastern District of Texas
Sherman Division

| | |
|---|---|
| Lorna Dwight § | |
|     Plaintiff, § | |
| § | |
| v. § | Civil Action No. _____ |
| § | Jury Demanded |
| The Chair King, Inc. d/b/a § | |
| Chair King Backyard Store § | |
|     Defendant. § | |

**Plaintiff Lorna Dwight's Original Complaint**

Lorna Dwight files her Complaint against The Chair King, Inc.

**Statement of Jurisdiction**

1.  This Court has federal question jurisdiction of the ADAAA disability and retaliation claims under 28 U.S.C. § 1331 and supplemental jurisdiction over the Texas Labor Code Chapter 21 disability discrimination and retaliation claims under 28 U.S.C. § 1367.

2.  Venue is proper under 28 U.S.C. § 1391 because the events or omissions causing the claim occurred in this district.

**Parties**

3.  Lorna Dwight is an individual and a citizen of Texas residing in Collin County.

4.  The Chair King, Inc. d/b/a Chair King Backyard Store is a Texas corporation doing business in McKinney, Texas. It may be served by serving

its registered agent David A. Barish, 5405 W. Sam Houston Parkway North, Houston, Texas, 77041-5135.

## Summary of Claims

5. This lawsuit arises from Chair King's failure to comply with the laws prohibiting discrimination based on disability and the laws prohibiting retaliation against an employee who engaged in an activity protected by law.

## Factual Background

6. Chair King is a retail store selling outdoor furniture under the name of Chair King Backyard Store.

7. Chair King interviewed Dwight for a sales position on March 12, 2018.

8. Dwight, a female, suffers from the disability of severe vision impairment and severe night blindness. This disability substantially interferes with Dwight's major life activity of seeing. Because of this disability, Dwight cannot drive at night. However, Dwight can fully work provided she is reasonably accommodated by being allowed to leave work at a time that does not require her to drive in the dark.

9. Chair King's Operations Manager David Airhart interviewed Dwight. During the interview, Dwight told Airhart about her disability, that she could not drive at night and that she would need to leave work each night

by 6 p.m. In doing so, Dwight sought a reasonable accommodation from Chair King.

10. The EEOC specifically recognizes that modified work schedules may be an appropriate reasonable accommodation for employees with vision impairments. https://www.eeoc.gov/eeoc/publications/qa_vision.cfm.

11. Chair King, through Airhart, assured Dwight it would accommodate her disability. Airhart told Dwight he would tell Daron Beckham, the Store Manager, to adjust the store schedule to accommodate her disability. Airhart even told Dwight he had a relative with a serious vision problem, so he understood what Dwight was going through.

12. Chair King offered Dwight the job as a sales employee with full knowledge of her disability and her need for a reasonable accommodation.

13. Chair King put Dwight to work as a sales employee on March 20, 2018. Chair King accommodated Dwight's disability during her first week of employment.

14. Chair King, through Airhart, then refused to further accommodate Dwight's disability. On March 31, 2018, Airhart told Dwight she needed to work until 8 p.m. Dwight reminded Airhart she could not drive after dark because of her disability and that he had promised to accommodate her disability by allowing her to leave work so she could drive

home in daylight hours. Airhart asked Dwight if she could work past 6 p.m. They agreed that she would work until 7 p.m.

15. Chair King employees harassed Dwight because of her need to leave by 6 p.m. each evening due to her disability.

16. On April 13, 2018, Chair King received a note from Dwight's doctor, April Harris, MD with Retina Associates, advising it that Dwight could not drive or work at night due to poor vision in both eyes.

17. After Chair King received this note from Dwight's doctor, Chair King issued Dwight a written reprimand. Chair King noted this was a Final Warning even though it was the first written corrective action given to Dwight. Chair King ostensibly wrote Dwight up for missing work without notification to anyone on April 10, 2018. However, the written warning was dated April 8, 2018—before Dwight had missed work. Chair King's written warning also noted that Dwight advised she could not drive at night and that Chair King told her "she is expected to work the schedule I give her which includes at least 1 8 p.m. day."

18. On April 20, 2018, Chair King, through Eddie Noschese, Assistant Operations Manager, and Store Manager Beckham met with Dwight and told her she needed to work until 8 p.m. or quit. Dwight reminded Chair King of the fact that she could not work until 8 p.m. because of her night blindness and the fact that would require her to drive after dark.

19. Noschese, Dwight and Beckham then called Operations Manager Airhart on a conference call. Dwight asked Airhart if he recalled her disclosing her disability during her interview and had Airhart told her she could leave at 6 p.m. Airhart responded "Yes."

20. Chair King, through Noschese, again told Dwight to work until 8 p.m. or quit. Dwight said she would not quit and asked why they were threatening her.

21. On April 21, 2018, Dwight emailed Airhart, Noschese, and Beckham and again reminded them of her disability and that they had promised to provide her with the reasonable accommodation of allowing her to leave by 6 p.m. Dwight requested that they meet with Human Resources to discuss the issue.

22. After Dwight sent her email to Airhart, Noschese and Beckham, Dwight then met with Beckham and told him she could not work until 8 p.m. as scheduled that night due to her disability.

23. Beckham and Dwight then called Airhart, who asked Dwight if she was working until 8 p.m. or quitting. Dwight told Airhart she could not work to 8 p.m., but that she was not quitting.

24. Chair King then fired Dwight.

25. Dwight timely filed a Charge of Discrimination with the EEOC, which was dual filed with the Texas Workforce Commission Civil Rights

Division. Dwight's Charge was not resolved within 180 days and Dwight timely sues within 90 days of receipt of her notice of right to sue.

## Causes of Action

### Disability Discrimination under ADAAA and Texas Labor Code Chapter 21

26. Dwight incorporates the preceding paragraphs as if restated.

27. Dwight has a disability as that term is defined in and used in the ADAAA and Texas Labor Code Chapter 21. Dwight suffers from severe vision impairment and severe night blindness. This disability substantially interferes with the major life activity of seeing. Dwight cannot see well at night and cannot drive at night due to the impairments with her vision.

28. Dwight was qualified for the position of sales employee and could perform the essential functions of her job if she received the reasonable accommodation of being allowed to leave work at a time that did not require her to drive after dark. Dwight asked for this reasonable accommodation in her job interview.

29. Chair King agreed to accommodate Dwight's disability by allowing her to leave by 6 p.m. each evening.

30. Chair King initially accommodated Dwight's disability. However, Chair King later refused to provide Dwight with the agreed upon reasonable accommodation.

31. Chair King unlawfully discriminated against Dwight by failing to provide reasonable accommodations which were available and which would have enabled Dwight to perform the essential functions of her job.

32. Chair King unlawfully discriminated against Dwight by refusing to provide her the agreed upon reasonable accommodation.

33. Chair King unlawfully discriminated against Dwight by terminating her employment because of her disability and her record of a disability.

34. Chair King's discriminatory actions in violation of the ADAAA and Texas Labor Code Chapter 21 were knowing and intentional or in reckless disregard of Dwight's rights under these statutes.

35. Chair King's discriminatory actions in violation of the ADAAA and Texas Labor Code Chapter 21 caused Dwight to sustain actual damages compensable under these statutes.

36. Dwight seeks to recover all damages she has suffered because of Chair King's discriminatory actions in violation of the ADAAA and Texas Labor Code Chapter 21 including her back pay, front pay, compensatory damages, punitive damages and reasonable attorney's fees and costs.

**ADAAA and Texas Labor Code Chapter 21 Retaliation**

37. Dwight incorporates the preceding paragraphs as if restated

38. Dwight engaged in activity protected by the ADAAA and Texas Labor Code Chapter 21 when she requested Chair King provide her with a reasonable accommodation and when she objected to Chair King's refusal to honor the reasonable accommodation it had initially provided.

39. Chair King unlawfully retaliated against Dwight because she engaged in protected activities by exercising her rights under state and federal disability discrimination laws. Chair King refused Dwight's reasonable accommodations. Chair King disciplined Dwight for unwarranted reasons after she requested a reasonable accommodation. Chair King terminated her employment.

40. Chair King's retaliatory actions in violation of the ADAAA and Texas Labor Code Chapter 21 were knowing and intentional or in reckless disregard for Dwight's rights under these statutes.

41. Chair King's retaliatory actions in violation of the ADAAA and Texas Labor Code Chapter 21 caused Dwight to sustain actual damages compensable under these statutes.

42. Dwight seeks to recover all damages she has suffered because of Chair King's discriminatory actions in violation of the ADAAA and Texas Labor Code Chapter 21 including her back pay, front pay, compensatory damages, punitive damages and reasonable attorney's fees and costs

## Jury Trial

43. Dwight demands a jury trial.

## Prayer

44. Wherefore, Plaintiff Lorna Dwight prays this Court enter a judgment declaring that the acts and practices of The Chair King, Inc. violate the ADAAA and Texas Labor Code Chapter 21and award Plaintiff the relief sought and such other and further relief to which she is justly entitled.

Respectfully submitted,

/s/ Karen K. Fitzgerald
Karen K. Fitzgerald
State Bar No. 11656750
**Johnston Tobey Baruch P.C**.
PO Box 215
Addison, Texas 75001-0215
Telephone: (214) 741-6260
Facsimile: (214) 741-6248
karen@jtlaw.com

Attorney for Plaintiff